THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL
AUSTIN, TEXAS 78711



January 26, 1977

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas   77002

Opinion No. H- 931

Re:  Effect of Department
of Health Resources
Municipal Solid Waste
Management Regulations
on county licensing of
landfills.

Dear Mr. Resweber:

You request our opinion concerning two regulations on municipal solid waste management recently promulgated by the Texas Department of Health Resources under article 4477-7, V.T.C.S., the Solid Waste Disposal Act, which designates the Department as the agency with jurisdiction over municipal solid waste, and article 4477-8, V.T.C.S., the County Solid Waste Control Act.

Harris County licenses sanitary landfills within the extraterritorial jurisdiction of cities and towns in the county under the authority of article 4477-7, section 5(d), V.T.C.S., which reads in pertinent part:

> [A] county is empowered to require and
> issue licenses authorizing and governing
> the operation and maintenance of sites
> used for the disposal of solid waste in areas
> not within the territorial limits of incorpo-
> rated cities and towns.   (Emphasis added).

The county also has power to make regulations for solid waste management, but unlike the licensing authority, this rule-making power may not be exercised in the extraterritorial area:

> [A] county, acting through its com-
> missioners court, may make regulations
> for the areas of the county not within
> the territorial limits or extraterritorial
> jurisdiction of incorporated cities and
> towns to provide for governing and
> controlling solid waste collection,
> handling, storage, and disposal. (Emphasis
> added).  V.T.C.S. art. 4477-8, § 18(a).

You ask whether rule I-2 promulgated by the Department in
the Municipal Solid Waste Management Regulations affects
the power of Harris County to license landfills within the
extraterritorial area:

> I-1.  Before exercising licensing authority
> for municipal solid waste disposal facilities,
> a county government must establish and promul-
> gate rules and regulations which are consistent
> with those established by the Department and
> must be approved by the Department. (Emphasis
> added).

> I-2.  A county may not establish rules and
> regulations for municipal solid waste
> management within the extraterritorial or
> territorial jurisdiction of a city or town.

We do not believe that rule I-2, read in conjunction with
rule I-1, affects the power of Harris County to license
sanitary landfills under article 4477-7, section 5(d).
We believe that I-2 merely restates the limits of county
rule-making authority under article 4477-8, section 18(a).
It serves to remind the counties that the section I-1
requirement that they make rules and regulations does not
increase the geographical area subject to their rule-making
authority.  Since we have concluded that rule I-2 does not
affect the power of Harris County to license sanitary landfills,
we do not answer the several questions you asked contingent
on a finding that the rule did withdraw licensing authority.

You also question whether the Department of Health
Resources has authority to require counties to hold a hearing
prior to renewing a landfill license.  The Department has
promulgated the following regulation:

> I-7.   A county shall hold a public hearing
> prior to issuance, amendment, extension,
> revocation, or renewal of a county license.
> (Emphasis added).

Section 5(d)(3) authorizes the county to prescribe procedures for license renewal.  However, the exercise of licensing authority by the county does not preclude the Department from exercising any powers vested in it under other provisions of the Act.  V.T.C.S. art. 4477-7, § 5(a). Section 3 of article 4477-7 gives the Department of Health Resources "the powers and duties specifically prescribed in this Act and all other powers necessary or convenient to carry out its responsibilities."  The Department "may adopt and promulgate rules and regulations consistent with the general intent and purposes of [the] Act."  V.T.C.S. art. 4477-7, § 4(c).   The purpose of the Act is

> to safeguard the health, welfare, and
> physical property of the people through
> controlling the collection, handling,
> storage, and disposal of solid wastes.
> V.T.C.S.   art. 4477-7, § 1.

In Attorney General Opinion H-653 (1975), we recognized that the procedural aspects of a licensing system strongly influence the fulfillment of this purpose, and said that the Department may require reasonable procedures of counties in addition to those required by statute.  In that opinion we determined that the statute itself did not require counties to hold a hearing for license renewal, and we did not have before us a regulation requiring a hearing.  Since the issuance of H-653, the Department has promulgated rule I-7.  It imposes on the counties a reasonable procedure designed to help "safeguard the health, welfare, and physical property of the people" through the management of municipal waste. We believe that the Department may adopt rule I-7 as an exercise of its power to adopt rules consistent with the purpose of the Act.  See Gerst v. Oak Cliff Savings & Loan Ass'n, 432 S.W.2d 702 (Tex. Sup. 1968).

In addition, the Department has power to approve or disapprove the county's renewal of a license for a municipal solid waste disposal site.  V.T.C.S. art. 4477-7, § 5(d)(4); see §§ 2(2), 3(a).  Rule I-7 contributes to the effective exercise of this supervisory authority over the county's

decisions by ensuring that the Department receives adequate information on which to base its approval. See Southwestern Savings & Loan Ass'n of Houston v. J. M. Falkner, 331 S.W.2d 917 (Tex. Sup. 1960); Attorney General Opinion H-64 (1973). It is our opinion that the Department may require counties to hold a public hearing prior to renewal of a license.

### S U M M A R Y

Rule I-2 promulgated by the Texas Department of Health Resources under articles 4477-7 and 4477-8, V.T.C.S., does not affect the power of counties to license landfills within the extraterritorial jurisdiction of incorporated cities and towns. The Department has authority to promulgate rule I-7 which requires a hearing for renewal of a county license.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb